IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

NORMAN LOUDEN, individually and )
as parent and next friend of Shane Louden, )
a minor child, )
)
     **Plaintiff,** )
)
v. ) Case No. CIV 05-450-P
)
CHEROKEE COUNTY BOARD OF )
COUNTY COMMISSIONERS, et al., )
)
     **Defendants.** )

## ORDER

Before the Court are Defendants' Cherokee County Board of County Commissioners, Delena Goss,[1] and Mike Reese's Motions to Dismiss as to Plaintiff Norman Louden, Individually, Plaintiff's Responses in opposition, and Defendants' Replies thereto. Although Defendants' Motions were filed separately, in the interests of accuracy and efficiency, the Court addresses their common arguments as to Plaintiff Norman Louden's status in this one combined Order.[2] Upon consideration of these arguments, and for reasons stated herein, Defendants' Motions to Dismiss as to Plaintiff Norman Louden, Individually, are GRANTED.

---

[1] The Court previously granted Delena Goss's Motion to substitute the Cherokee County Sheriff as the real party in interest in her stead, because Ms. Goss no longer holds said office. However, Ms. Goss filed the Motion at issue herein before substitution of the real party in interest. This Order shall therefore be construed as applicable to the Cherokee County Sheriff, as opposed to Ms. Goss personally.

[2] Defendant Mike Reese asserts two propositions in support of his Motion. First, he denies that he has an "official capacity" as Deputy Sheriff of Cherokee County and therefore cannot be sued as such. Second, he claims that Norman Louden's individual claims are time barred. Only the second argument is addressed herein; Mr. Reese's argument as to his official capacity will be the subject of a separate order.

1

**Background**

On November 10, 2005, Plaintiff filed this lawsuit as an individual and as parent and next friend of his minor child Shane Louden, alleging civil rights violations under 42 U.S.C. § 1983 and state law arising from the execution of a search warrant at his residence on June 13, 2002. In his Complaint, Plaintiff recited that he filed a Notice of Claim pursuant to 51 Okla. Stat. § 151 et seq. on July 3, 2002. The Notice of Claim attached to Plaintiff's Complaint as Exhibit A identifies the Claimant as "Mr. Norman Louden, as parent of Shane Louden, a minor." Plaintiff went on to recite that this claim was denied by operation of law ninety (90) days after its filing, and that he timely commenced this lawsuit within one hundred eighty (180) days after said denial. In the Motions at issue, Defendants argue that Plaintiff's federal and state law claims are time barred pursuant to the applicable statutes of limitation.

**Discussion**

**I. Plaintiff's federal constitutional claims are time barred.**

A cause of action under 42 U.S.C. § 1983 is "a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." Wilson v. Garcia, 471 U.S. 261, 271-72 (1985) (quoting Mitchum v. Foster, 407 U.S. 225, 239 (1972). The statute is generally accorded "a sweep as broad as its language." Id. at 272 (quoting United States v. Price, 388 U.S. 787, 801 (1966)). However, even this unique remedy must be sought in a timely fashion. Id. at 271 ("Just determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost. In compelling circumstances, even wrongdoers are entitled to assume that their sins may be forgotten.").

In keeping with the policy of repose, § 1983 claims are generally subject to a statute of limitations borrowed from an analogous state law. Id. Because "[i]n the broad sense, every cause of action under § 1983 which is well-founded results from personal injuries," § 1983 claims are best treated as personal injury actions for purposes of determining the applicable statute of limitations. Id. at 278, 280 (quoting Almond v. Kent, 459 F.2d 200, 204 (4th Cir. 1972)). In Oklahoma, "the most analogous statute of limitations . . . if the two year provision on claims for 'injury to the rights of another, not arising on contract, and not hereinafter enumerated.'" Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988) (quoting Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir. 1984)). Thus, the applicable statute of limitations for Plaintiff Norman Louden's federal claims is two years.

The face of Plaintiff's Complaint clearly states that the events giving rise to this lawsuit took place on June 13, 2002. The Complaint was filed on November 10, 2005, well after the two statute of limitations had run. Moreover, the Complaint offers absolutely no reason whatsoever that the statute of limitations should be avoided in this instance.[3] Accordingly, Defendants'

---

[3]In his Responses, Plaintiff goes beyond the pleadings in this case to establish the following timeline:

1. On July 3, 2002, in compliance with 51 Okla. Stat. § 151 et seq., Plaintiff filed a Notice of Claim.
2. On December 30, 2002, Plaintiff filed suit in state court **on behalf of his minor child**, well within 180 days after the denial of the claim. This suit (Complaint #1) was removed to the U.S. District Court for the Eastern District of Oklahoma, and then later remanded back to state court upon Plaintiff's dismissal of the federal constitutional claims.
3. On August 3, 2004, Plaintiff dismissed Complaint #1 without prejudice.
4. On August 11, 2004, Plaintiff refiled in federal court (Complaint #2) on his own behalf, and on behalf of his minor child.
5. On October 24, 2005, the parties filed a joint stipulation of dismissal without prejudice as to Complaint #2.

3

Motions to dismiss are GRANTED, and Plaintiff Norman Louden's individual federal claims are dismissed with prejudice.

## II. Plaintiff's state law claims are time barred.

The Notice of Claim attached to Plaintiff's Complaint as Exhibit A identified the Claimant as "Mr. Norman Louden, as parent of Shane Louden, a minor." Said Notice was filed July 3, 2002, in compliance with 51 Okla. Stat. § 151 et seq., and was acted upon in a timely fashion as to Shane Louden, the minor child of Plaintiff Norman Louden. However, Norman Louden was not identified in this Notice as an **individual** claimant, nor was there any information on the face of the instant Complaint to establish that Plaintiff Norman Louden, individually, timely complied with the mandatory notice provisions of 51 Okla. Stat. § 151 et seq. Furthermore, although Plaintiff's Complaint alleges that Plaintiff commenced this action within the requisite 180 days after denial of his claim (*i.e.*, by March 29, 2003), this allegation is not borne out by the other information on the face of the Complaint, or by simple mathematics. The filing date on the Complaint was November 10, 2005, more than three years after the events

---

6. On November 10, 2005, Plaintiff refiled the instant suit (Complaint #3), absent any reference to the foregoing history or any "savings clause."

Nevertheless, Plaintiff argues that 12 Okla. Stat. § 100 – the "savings statute" – renders timely Complaint #3, because the original action was filed within the statute of limitations. However, it is well-settled that the savings statute "affords only one refiling opportunity after the statute of limitations has run." Sisk v. J.B. Hunt Transport, Inc., 81 P.3d 55, 57 n.3 (Okla. 2003). Plaintiff's argument is therefore unavailing. "Plaintiff's affirmative act of dismissing (for the second time) the [Defendants] from suit at once triggered the restrictive refiling opportunity afforded by the § 100 provisions. That opportunity is undeniably gone, and recommencement of this action . . . cannot be accomplished. It is the recommencement bar, *raised by Plaintiff's own act of his second dismissal*, that, in fact and in law, extinguishes his claim . . . ." Id. at 59.

4

giving rise to this lawsuit.[4] Defendants' Motions to dismiss are therefore GRANTED, and Plaintiff Norman Louden's individual state law claims are dismissed with prejudice.

**Conclusion**

For the foregoing reasons, Plaintiff Norman Louden's individual claims against all Defendants are dismissed with prejudice. Accordingly, Defendant Cherokee County Board of County Commissioners' Motion to Dismiss as to Plaintiff Norman Louden, Individually, and Defendant Delena Goss's Motion to Dismiss as to Plaintiff Norman Louden, Individually, are GRANTED in their entirety, and Defendant Mike Reese's Motion to Dismiss is GRANTED IN PART, as to Plaintiff Norman Louden, Individually.

IT IS SO ORDERED this 3rd day of March 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[4] Even if the Court considers the date on the first Complaint in which Norman Louden, Individually, is named as a Plaintiff (*i.e.*, August 11, 2004), the state law claims are clearly time barred.