IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

NORMAN LOUDEN, individually and )
as parent and next friend of Shane Louden, )
a minor child, )
 )
         Plaintiff, )
 )
v. ) Case No. CIV 05-450-P
 )
CHEROKEE COUNTY BOARD OF )
COUNTY COMMISSIONERS, et al., )
 )
         Defendants. )

**ORDER**

Before the Court is Defendant Mike Reese's Motion to Dismiss, Plaintiff's Response in opposition, and Defendant's Reply thereto. Because the Court has already addressed Defendant's arguments that Plaintiff's claims are time barred in another Order, this Order will focus solely upon Defendant's status as a proper party. To that end, upon consideration of the briefs, and for reasons stated herein, Defendant's Motion to Dismiss is GRANTED IN PART, and all claims against Mike Reese in his official capacity as Deputy Sheriff of Cherokee County are DISMISSED.

**Background**

On November 10, 2005, Plaintiff filed this lawsuit as an individual and as parent and next friend of his minor child Shane Louden, alleging civil rights violations under 42 U.S.C. § 1983 and state law arising from the execution of a search warrant at his residence on June 13, 2002. In his Complaint, Plaintiff alleges that on June 13, 2002, around 6:00 a.m., officers of the Cherokee County District 27 Drug Task Force, while acting under color of law, forcibly broke

1

down his front door without first announcing their presence, then, *inter alia*, conducted an unreasonable search, forced the family to stand in front of the residence in their underwear during the search, used excessive force against Shane Louden, and arrested Shane Louden without probable cause. Plaintiff further alleges that the named Defendants were negligent in the training of these officers. Defendant Mike Reese, in his official capacity as Deputy Sheriff of Cherokee County, now moves to dismiss all claims against him because he is an improper party. This issue is now before the Court.

## Discussion

### I. Deputy Sheriff Mike Reese does not have an "official capacity" and is therefore an improper party to Plaintiff's federal constitutional claims.

All federal constitutional claims against Defendant Mike Reese are asserted against him "in his official capacity" as Deputy Sheriff of Cherokee County. In order for Defendant to withstand suit in any "official capacity," he would have to have some "final policy making authority." *See* Gros v. City of Grand Prairie, 181 F.3d 613, 615 (5th Cir. 1999). Official capacity suits are simply another way of asserting a claim against an entity of which the defendant is an agent. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Defendant a deputy sheriff with the Cherokee County sheriff's department. As such, he is subject to the supervision of the Sheriff of Cherokee County, who is "responsible for the official acts of the undersheriff and deputy sheriffs." 19 Okla. Stat. § 547. In other words, the Sheriff has "final policy making authority," but this Defendant does not. Accordingly, Defendant's Motion to Dismiss is GRANTED as to all federal constitutional claims asserted against him in his official capacity.

### II. Defendant Mike Reese is not a proper party to Plaintiff's state law claims.

2

The exclusive remedy by which an injured plaintiff may recover against a governmental entity in tort is the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. § 151 et seq. Fuller v. Odom, 741 P.2d 449, 451 (Okla. 1987). Plaintiff has made claims under the Act against Defendant in his official capacity. However, the Act clearly states that "[i]n no instance shall an employee of the state or political subdivision **acting within the scope of his employment** be named as defendant . . . ." 51 Okla. Stat. § 163(C) (emphasis added).

In the Complaint, Plaintiff does not allege that Defendant was acting outside the scope of his employment and, indeed, admits in the Reply to the instant Motion that Defendant was, in fact, acting within the scope of his employment. Plaintiff also does not allege in the Complaint that Defendant was directly involved in the assault and battery upon Shane Louden, although the Reply does so insinuate. Finally, Plaintiff does not allege any willful or malicious acts by Defendant which could render him amenable to suit under the Act. *See* Nail v. City of Henryetta, 911 P.2d 914, 917 (Okla. 1996) ("Subject only to the Act's specific limitations and exceptions, governmental immunity is waived under the Act and governmental accountability is extended to torts for which a private person would be liable, unless they are committed outside of the course and scope of one's employment or unless they are committed in bad faith or in a malicious manner."). Because Plaintiff does not allege any exceptions to the Act, the provisions of the Act clearly apply to render Defendant an improper party. Accordingly, Defendant's Motion to Dismiss is GRANTED as to all state law claims asserted against him in his official capacity.

**Conclusion**

For the foregoing reasons, Plaintiff's claims against Defendant Mike Reese are dismissed with prejudice. Accordingly, Defendant Mike Reese's Motion to Dismiss is GRANTED IN PART as to all claims asserted against him in his official capacity. Based on this Order, and the Order entered previously dismissing Norman Louden's individual claims, Defendant Mike Reese is hereby DISMISSED from this lawsuit.

IT IS SO ORDERED this 3rd day of March 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma